**JOHNSON BROTHERS LIQUOR COMPANY, Appellant,**

v.

**Rodney OLSON and Joyce Olson, d/b/a 617 Liquor Lounge, Respondents (C1–93–1660),**

**White Bear Bowl, Inc., d/b/a W.B. Bowl/Holiday House, Inc., et al., Respondents (C7–93–1663),**

**The Home Indemnity Company, Respondent.**

**Nos. C1–93–1660, C7–93–1663.**

Court of Appeals of Minnesota.

Feb. 1, 1994.

Review Denied March 31, 1994.

Felix M. Phillips, Allen H. Aaron, Phillips, Gross & Aaron, Minneapolis, for appellant Johnson Bros. Liquor Co.

Michael C. Fleming, White Bear Lake, for respondents Rodney Olson, Joyce Olson and White Bear Bowl, Inc.

Thomas J. Vollbrecht, Faegre & Benson, Minneapolis, for respondent Home Indem. Co.

Considered and decided by PETERSON, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

PETERSON, Judge.

Appellant Johnson Brothers Liquor Company commenced actions against respondents to collect amounts owed for liquor purchases. The trial court found that Minn.Stat. § 340A.318 (1990) prohibits collection actions for some of the claims asserted by appellant and granted summary judgment dismissing these claims. We affirm.

## FACTS

Johnson Brothers Liquor Company (Johnson) is a liquor wholesaler. White Bear Bowl, Inc. and 617 Liquor Lounge (retailers) are retail liquor establishments that purchased liquor from Johnson over a several year period.

In November 1990, Johnson made sales to both retailers and presented invoices for the sales. Although neither retailer paid the invoice amount within 30 days after the date of the invoice, Johnson made additional sales to both retailers. Sales to 617 Liquor Lounge continued until February 1992 and sales to White Bear Bowl, Inc. continued until March 1992. For most of the sales the invoice amount was not paid within 30 days. Beginning in December 1990 there was always an amount due on an invoice that had been presented more than 30 days earlier.

During January 1991 the retailers informed Johnson that, over a 10–year period ending in November 1990, they had made cash prepayments for liquor purchases to Bryant Marquardt, a salesperson for Johnson. Because a substantial amount of liquor for which prepayments were made had never been delivered, the retailers claimed they were entitled to reimbursement from Johnson.

In March 1992 Johnson brought suit against the retailers to recover amounts due from liquor sales that occurred between November 1990 and March 1992. The retailers answered claiming that all goods and merchandise delivered by Johnson had been paid for in full. They also asserted counterclaims for the amounts they had paid Marquardt for liquor that was never delivered.

The retailers moved for dismissal of Johnson's complaint arguing that Johnson's claims were based on credit extended in violation of Minn.Stat. § 340A.318 (1990) and that, therefore, no right of action existed to collect the claims. Johnson argued that the credit it extended to the retailers fell within an exception to the credit prohibitions in Minn.Stat. § 340A.318. The trial court concluded that the exception did not apply and that no right of action exists to collect claims based on credit extended for more than 30 days. Accordingly, the trial court granted summary judgment dismissing all claims based on credit extended for more than 30 days.

## ISSUE

Does Johnson have a right of action to collect claims based upon the credit it extended to the retailers when an uncontested invoice amount remained unpaid more than thirty days after the invoice date?

## ANALYSIS

On appeal from a summary judgment, this court determines whether there are any material issues of fact and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The facts of this case are not disputed. Johnson is challenging the district court's interpretation of Minn.Stat. § 340A.318. This court reviews the district court's interpretation of a statute de novo. *Sorenson v. St. Paul Ramsey Medical Center,* 457 N.W.2d 188, 190 (Minn.1990).

Minn.Stat. § 340A.318 (1990) provides:

**Subdivision 1. Restriction.** Except as provided in this section, no retail licensee may accept or receive credit, other than merchandising credit in the ordinary course of business for a period not to exceed 30 days, from a * * * wholesaler of distilled spirits or wine, or agent or employee thereof. No * * * wholesaler may extend the prohibited credit to a retail licensee. No retail licensee delinquent beyond the 30–day period shall solicit, accept or receive credit or purchase or acquire distilled spirits or wine directly or indirect-

ly, and no * * * wholesaler shall knowingly grant or extend credit nor sell, furnish or supply distilled spirits or wine to a retail licensee who has been posted delinquent under subdivision 3. No right of action shall exist for the collection of any claim based upon credit extended contrary to the provisions of this section.

**Subd. 2. Reporting.** Every * * * wholesaler selling to retailers shall submit to the commissioner in triplicate * * * a verified list of the names and addresses of each retail licensee purchasing distilled spirits or wine from that * * * wholesaler who, on the first day of that calendar week, was delinquent beyond the 30-day period, or a verified statement that no delinquincies exist which are required to be reported. * * *.

**Subd. 3. Posting; notice.** Verified lists or statements required by subdivision 2 shall be posted by the commissioner * * * in places available for public inspection not later than the day following receipt. Documents posted shall constitute notice to every * * * wholesaler of the information posted. Actual notice, however received, also constitutes notice.

**Subd. 4. Miscellaneous provisions.** The 30-day merchandising period allowed by this section shall commence with the day immediately following the date of invoice and shall include all successive days * * * to and including the 30th successive day.

In reaching its conclusion that Johnson had no right of action to collect its claims based on credit extended to the retailers for more than 30 days, the district court examined the historical development of credit limitation statutes for the liquor industry and considered credit limitation statutes of other states. This inquiry supports the district court's conclusion but we do not believe it is necessary to look beyond the words of the statute to determine its application in this case.

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1992).

■ An examination of the statute reveals that it requires liquor retailers to pay wholesalers for liquor purchases within 30 days after the purchase is made. Minn.Stat. § 340A.318, subd. 1. If a retailer fails to do so, the statute requires the wholesaler who has not been paid to do two things: (1) stop making sales to the retailer and (2) report to the commissioner the retailer's failure to pay so that other suppliers can be notified that they must stop making sales to the retailer. *Id.*, subd. 1–3. These stringent requirements strictly limit the use of credit in the liquor distribution industry.

Minn.Stat. § 340A.318, subd. 4 contains the only exception to the credit limitations created by subdivision 1. This exception provides:

> A retail licensee shall not be deemed delinquent for any alleged sale in any instance where there exists a bona fide dispute between the licensee and the * * * wholesaler *as to the amount owing as a result of the alleged sale.*

*Id.*, subd. 4 (emphasis added).

Johnson contends that this exception applies to its claims against the retailers because the retailers claim they made prepayments to Marquardt. Johnson argues that the January 1991 letter it received from the retailers created a bona fide dispute as to the amount due Johnson if the prepayments were applied to the retailer's accounts. Therefore, the retailers were not delinquent and the credit restrictions in Minn.Stat. § 340A.318 were not violated. We disagree.

Minn.Stat. § 340A.318 does not address disputes about the amount due on an open account. It requires that each individual purchase be paid for within 30 days. *Id.*, subd. 1. The Minn.Stat. § 340A.318, subd. 4 exception applies only when there is a bona fide dispute "as to the amount owing as a result of the alleged sale." If there is no dispute about the invoice amount for an individual sale, the invoice amount must be paid within 30 days.

The January 1991 letter may be evidence of a bona fide dispute as to the amount owing as a result of an alleged prepayment, but it is not evidence of a bona fide dispute as to the amount owing as a result of an alleged sale. There is no evidence of any dispute as to the amount the retailers owe Johnson as a result of a specific sale for which an invoice was sent. Accordingly, Johnson's claimed exception from the statutory credit limitation fails.

### DECISION

The Minn.Stat. § 340A.318, subd. 4 (1990) exception from the credit limitations imposed by Minn.Stat. § 340A.318, subd. 1 (1990) does not apply to disputes about the amount owing as the result of alleged prepayments for liquor purchases. Johnson had no right of action for claims based on sales made when an uncontested invoice amount remained unpaid more than 30 days after the invoice date.

**Affirmed.**